UNITED STATES DISTRICT COURT FOR
NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 1:15CR102

QUIN LI and ZHANG YONGDI

## MOTION TO AMEND INDICTMENT

Comes now the United States of America, by and through the United States Attorney for the Northern District of Mississippi, and moves the Court to Amend the Indictment filed in this matter to add an alias to the defendant's name and in support thereof, would show unto the court as follows:

This matter originated through an investigation initiated by the New Albany Police Department, which subsequently referred the matter to the United States Secret Service. The matter involves the purchase of Amazon and Macy's gift cards from Lowe's Home Improvement Stores in Tupelo and New Albany using fraudulent credit or debit cards. The actual purchases (or attempted purchases) were made by Dong Lin and Jixian Zhu, who are the subjects of a separate Indictment. Lin and Zhu had travelled from New York to Mississippi with four other individuals, including Quin Li and Zhang Yongdi, defendants herein, for the purpose of making the fraudulent transactions. The vehicle in which the defendants were travelling was rented by Yongdi and it is alleged that both Li and Yongdi were active participants in the subject conspiracy to defraud, having created or obtained the fraudulent credit or debit cards and providing them to Lin and Zhu for the specific purpose of committing the aforementioned fraudulent transactions. Based upon the initial investigation, it was believed that Yongdi's given name was "Zhang Yongdi" and there is reason to still reason to believe that may be correct.

However, it has just come to the attention of the investigating agency that it is possible that the person known to the Secret Service, through this investigation, as "Zhang Yongdi" may, in fact, be "Yongdi Zhang" or may go by either configuration of the name. Accordingly, the government seeks to amend the Indictment to list the named defendants as "Quin Li and Zhang Yongdi, a/k/a Yongdi Zhang."

The form of an indictment may be amended without return to the grand jury so long as its substance remains the same. *Russell v. United States,* 369 U.S. 749, 770, 82 S.Ct. 1038, 1050, 8 L.Ed.2d 240 (1962). A misnomer is a mistake of form which may be corrected by amending the indictment. *See, e.g., Williams v. United States,* 179 F.2d 656, 659 (5th Cir.1950), *aff'd,* 341 U.S. 97, 71 S.Ct. 576, 95 L.Ed. 774 (1951). An amendment will be allowed if a defendant's rights are not affected and he is adequately apprised of the charges against him so that he is protected against surprise at trial or another prosecution for the same offense. *Berger v. United States,* 295 U.S. 78, 82, 55 S.Ct. 629, 630, 79 L.Ed. 1314 (1935); *United States v. Cook,* 586 F.2d 572, 575 (5th Cir.1978), *cert. denied,* 442 U.S. 909, 99 S.Ct. 2821, 61 L.Ed.2d 274 (1979). In *United States v. Young Bros.*, 728 F.2d 682, 693 (5th Cir. 1984), the district court granted the government's mid-trial motion to amend the Indictment by changing "Young Brothers, Inc." to "Young Brothers, Inc. Contractors". *Young Bros.*, 728 F.2d at 693. At the time of the alleged conspiracy there was no corporation with the name "Young Brothers, Inc." *Id*. There was, however, a "Young Brothers, Inc. Contractors" that had two subsidiaries, "Young Bros. Corporation" and "Young Equipment Company." *Id*. Of the three, only Young Brothers, Inc., Contractors actually did highway construction work during the period in question and was qualified to enter bids for Highway Department jobs. *Id*. On appeal, the appellate court affirmed

–2–

the district court's decision to allow the government to amend the Indictment to correct the name of the defendant, finding that the amendment merely corrected a misnomer. *Id*. The defendant was neither surprised nor prejudiced by the change and it was clear that when the government referred to "Young Brothers, Inc." in the Indictment it meant "Young Brothers, Inc., Contractors". *Id*.

Similarly, in the present case, the government is simply attempting to correct a misnomer, concerning the defendant's name. There would be no prejudice to the defendant to allow the amendment, particularly at this stage of the proceedings, where, at this moment, the defendant has yet to be arrested or make an initial appearance.

Accordingly, the government would respectfully request that the Indictment be amended to list the named defendants as "Quin Li and Zhang Yongdi, a/k/a Yongdi Zhang."

This the 29th day of October, 2015.

        Respectfully submitted,

        FELICIA C. ADAMS
        United States Attorney
        Mississippi Bar No. 1049

By:    /s/ Robert J. Mims
        ROBERT J. MIMS
        Assistant United States Attorney
        Mississippi Bar No. 9913