IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

VS.                                                         CRIMINAL NO.: 1:15CR102-DMB-DAS

QIN LI                                                                                    DEFENDANT

**NOTICE OF JOINDER**

PLEASE TAKE NOTICE, Defendant, Qin Li, by and through counsel, hereby joins in the Motion to Suppress and Dismiss filed by co-defendant, Zhang Yongdi. In furtherance of this Joinder in the Motion to Suppress and Dismiss, the Defendant would state the following:

1.

The Defendant, Qin Li, hereby incorporates and adopts as his own, all arguments and authorities presented by Yongdi's Motion to Suppress and Dismiss. In addition to his co-defendant's arguments, Li would state that he has standing to challenge the validity of the warrantless search of the rental car based on his possessory interest in the items seized.

2.

On June 4, 2015, an officer with the Mississippi Highway Patrol effectuated a stop of a Silver Chevy Tahoe with Virginia license plates. The vehicle contained six passengers. Co-defendant Zhang Yongdi was the driver of the vehicle while Qin Li was seated in the third row on the right side of the vehicle. Zhang Yongdi rented the vehicle in question on June 2, 2015 at LaGuardia Airport in East Elmhurst, New York from National Rental Car.

3.

The Fifth Circuit has stated that "passengers who assert neither a property or possessory interest in the automobile to be searched, nor any interest in the property seized, have no legitimate expectation of privacy entitling them to the protection of the Fourth Amendment." *United States v. Iraheta*, 764 F.3d 455, 461 (5th Cir. 2014)(alterations omitted)(quoting *United States v. Greer*, 939 F.2d 1076, 1093 (5th Cir. 1991)). A defendant's standing "depends on 1) whether the defendant is able to establish an actual, subjective expectation of privacy with respect to the place being searched or items being seized, and 2) whether that expectation of privacy is one which society would recognize as [objectively] reasonable. *United States v. Iraheta*, 764 F.3d 455, 461 (5th Cir. 2014)(alterations omitted)(quoting *United States v. Kye Soo Lee*, 898 F.2d 1034, 1037-38 (5th Cir. 1990)).

As noted above, the vehicle in question was a rental car. There was no traditional ownership interest in the Chevy Tahoe by any of the passengers. Zhang Yongdi rented the vehicle in question and is also the subject of the contested consent to search the vehicle given to law enforcement. Defendant Qin Li was seated in the third row of the vehicle, and the New Albany Police Department stated in its report that "located in the rear floorboard of the vehicle were two white socks containing approximately 40 credit cards (Master Card and Visa) along with several Lowe's receipts." Qin Li would assert that Zhang Yongdi did not have apparent or actual authority to consent to the search of items located in and around where Qin Li was situated in the vehicle during a cross country trip. For the reasons listed above, the Defendant, Qin Li has standing to challenge the warrantless search of the vehicle in question.

Respectfully submitted, this the 19th day of August, 2016.

    /s/ Anthony L. Farese
    ANTHONY L. FARESE
    MSB# 5133
    FARESE, FARESE & FARESE, P.A.
    ATTORNEYS AT LAW
    P. O. BOX 98
    ASHLAND, MISSISSIPPI  38603
    TELEPHONE (662) 224-6211
    FAX (662) 224-6111
    EMAIL: tony@fareselaw.com

    ATTORNEY FOR DEFENDANT,
    QIN LI

**CERTIFICATE OF SERVICE**

      I, Anthony L. Farese, do hereby certify that I have this day served by electronic filing a true and correct copy of the above and foregoing Joinder to the following:

Honorable Robert Mims
Assistant United States Attorney
900 Jefferson Avenue
Oxford, Mississippi 38655-3626

Honorable Justin S. Cluck
Smith Whaley, P.L.L.C.
Post Office Drawer 849
Holly Springs, Mississippi 38635

      This the 19th day of August, 2016.

                                        /s/ Anthony L. Farese
                                        ANTHONY L. FARESE