IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                                                          CASE NO. 1:15cr102-1

QUIN LI                                                     DEFENDANT

## *ORDER DENYING MOTION TO REVOKE BOND*

This matter came before the court for a bond revocation hearing on this date and the court finds as follows:

The motion to revoke the bond is denied because the government has failed to establish under Title 18 Sec 3148(b) that there is probable cause to believe that the defendant committed a crime while on release or clear and convincing evidence that the defendant has violated another condition of release and that the defendant is unlikely to abide by any condition or combination of conditions of release. The allegations of the petition were not persuasive because the assertion that the defendant was not able to provide verification of his employment to probation services was explained by the defendant and unrebutted by the government. The allegation that, according to the petition, on August 12, 2016, the defendant was not at his approved location of employment but instead visiting friends was not established by clear and convincing evidence. The defendant explained he was making deliveries for his employer. The allegation that on August 16, 2016, the defendant tested positive for the presence of methamphetamine was not accurate. The test was posittive for amphetamine. The government had no explanation for the discrepancy. Finally, with respect to the allegation that the defendant failed as of August 30, 2016 to maintain a fixed place of residence, the court does not find that this was a willful or

intentional violation of a condition of his release since he left the residence at the direction of a relative with whom he was residing. The defendant testified he has already established another fixed place of residence.

The defendant's request that his location monitoring restriction be removed is denied as the circumstances continue to warrant the need for location monitoring that was orginally ordered. All of the conditions of the defendant's prior release will continue except that the court is modifying the location monitoring restriction and obligation to seek employment as follows: The defendant is restricted to his fixed place of residence at all times except such times as his appointed pretrial services officer (s) expressly grant him permission to leave the fixed place of residence to seek or maintain employment or seek and maintain necessities for the household. The defendant and his counsel are ordered to forthwith make contact with the defendant's pretrial services officer (s) in New York and confirm the defendant's anticipated time and date of return there at a date and time no later than Friday, August 16, 2016, at 5:00 pm by which the defendant shall have met with his pretrial services officer(s) to review his conditions of release as set forth herein and in the court's prior conditions of release which are affirmed except as modified herein

ORDERED, this 13th day of September, 2016.

_____
U.S. MAGISTRATE JUDGE