IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.   NO. 1:15-CR-00102

QUIN LI

**ORDER REVOKING RELEASE**

This criminal action came before the Court for a sua sponte determination of the revocation of Quin Li's release from custody. Following an October 19, 2016, evidentiary hearing, the Court ordered that Li's release be revoked for numerous violations of the conditions of his release. This written order serves to memorialize the Court's October 19 oral ruling.

**I
Procedural and Factual History**

On August 26, 2015, Li was indicted on numerous charges related to the use of fraudulent credit cards. Doc. #1. On June 8, 2016, United States Magistrate Judge S. Allan Alexander issued an Order Setting Conditions of Release regarding Li's pretrial release, which conditions included a $10,000 secured bond, a mandatory curfew and Li's compliance with all applicable federal and state laws.[1] Doc. #12. Li obtained and signed a $10,000 secured Appearance Bond that day.[2] Doc. #14.

On September 1, 2016, the United States filed a motion to revoke Li's bond. Doc. #34. United States Magistrate Judge Jane M. Virden held a hearing on the Government's motion and, on September 14, 2016, entered an order denying revocation. Doc. #45. The order directed that:

---

[1] Li acknowledged by signing the order that "I am aware of the conditions of release [and] the penalties and sanctions set forth above."

[2] By his signature on the Appearance Bond, Li agreed to "follow every order of this court … and … that this bond may be forfeited" if he, among other things, "failed to comply with all conditions set forth in the Order Setting Conditions of Release." Li also acknowledged that he was "aware of the conditions of release" and "promise[d] to obey all conditions of release …."

> All of the conditions of the defendant's prior release will continue except that the court is modifying the location monitoring restriction and obligation to seek employment as follows: The defendant is restricted to his fixed place of residence at all times except such times as his appointed pretrial services officer(s) expressly grant him permission to leave the fixed place of residence to seek or maintain employment or seek and maintain necessities for the household.

*Id.* at 2.

On October 19, 2016, Li appeared before this Court for a change of plea hearing. Doc. #56. At the hearing, the Court accepted Li's plea of guilty and noted that "based on information the Court has received … the defendant has failed to comply with location monitoring requirements on five different occasions [and] has also failed to report to the probation officer." Accordingly, the Court set a revocation hearing for later that day.

At the revocation hearing, the Government presented evidence, in the form of electronic monitoring records, that: (1) at 6:28 p.m. on October 14, 2016, Li, without authorization, left his residence for approximately twenty-four minutes; (2) at 2:58 p.m. on October 15, 2016, Li, without authorization, left his residence for approximately twenty minutes; (3) at 12:14 a.m. on October 16, 2016, Li, without authorization, left his residence for approximately two hours and thirty-one minutes; (4) at 8:17 p.m. on October 16, 2016, Li, without authorization left his residence for approximately eleven minutes; and (5) at 3:47 p.m. on October 17, 2016, Li, without authorization, left his residence for approximately seven minutes. *See* Exh. D-2. Additionally, the Government presented evidence that a urine sample provided by Li on October 19, 2016, tested presumptively positive for methamphetamine. Finally, the Government presented evidence that Li failed to report to his probation officer for a required October 6, 2016, meeting.

Li testified that the unauthorized departures were caused by his desire for fresh air and/or his picking up food deliveries. Li further testified that he was unsure about the October 6, 2016,

2

meeting date and that the presumptively positive drug test may be attributable to medication he received from China for a toothache.[3]

## II
## Analysis

"A person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a). Pursuant to 18 U.S.C. § 3148(b):

> The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer—
> (1) finds that there is—
>   (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>   (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2) finds that—
>   (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>   (B) the person is unlikely to abide by any condition or combination of conditions of release.

Based on the evidence presented at the hearing, the Court concludes that there is clear and convincing evidence that Li, on numerous occasions, violated the condition of his release related to home confinement and also failed to report to his probation officer. Furthermore, due to the frequency of these violations, along with Li's prior issues with compliance, the Court concludes that Li is unlikely to abide by any condition or combination of conditions of release. Accordingly, pursuant to § 3148(a), it is **ORDERED** that Li's release and bond are revoked and he is **REMANDED** to custody.

---

[3] On October 25, 2016, a probation officer notified this Court that an immigration detainer had been placed on Li and that the presumptively positive drug test came back negative. The following day, Li filed a motion to reinstate bond. Doc. #67. This motion has not been fully briefed and the Court declines to rule on it at this time.

**SO ORDERED**, this 28th day of October, 2016.

                                                              **/s/ Debra M. Brown**
                                                              **UNITED STATES DISTRICT JUDGE**